## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

---

| | | |
|---|---|---|
| **Resurrection Life Church,** | : | **Docket No.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Judge** |
| | : | |
| | : | |
| **Church Mutual Insurance Company,** | : | **Magistrate Judge** |
| | : | |
| **Defendant.** | : | |

---

### PETITION FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT AND DAMAGES

NOW COMES Resurrection Life Church, Plaintiff, who, through undersigned counsel, who respectfully represent that:

### PARTIES

1.  Made plaintiff herein is a Church authorized to do business in the state of Louisiana.

2.  Made defendants herein are Church Mutual Insurance Company (hereinafter "Church Mutual"), incorporated under the laws of Wisconsin, with a principle place of business at P.O. Box 357, 3000 Schuster Lane, Merrill, Wisconsin 54452. Church Mutual is authorized to do business and issue policies in the state of Louisiana. Church Mutual may be served with process at P.O. Box 357, 3000 Schuster Lane, Merrill, Wisconsin 54452-0357.

### JURISDICTION AND VENUE

3.  This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, and Federal Rule of Civil Procedure 57.

4.  Jurisdiction of this Court over this action is invoked pursuant 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and defendants.

5.  The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000). The amount in controversy in a declaratory judgment action is determined by the object of the litigation. The object of this declaratory judgment will determine whether plaintiff's business income and other covered policy losses, which total well over $1,000,000, are covered under defendant's policy.

6.   Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

7.   This Court has personal jurisdiction over defendant because defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and church consumers.

8.   This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

### FACTUAL BACKGROUND

9.   Plaintiff contracted with Church Mutual insure the property and business located at 577 Highway 171, Moss Bluff, Louisiana 70611-5631 (hereinafter "insured premise").

10. The insured premise is the location of a church, which includes a church area, offices, nursery and preschool.

11. The insured premise is covered under a policy issued by Church Mutual with policy number believed to be Policy Number 0197603-02-046240 (hereinafter "the policy"). The policy was in full effect during the period of November 1, 2017 through November 1, 2020. Church Mutual assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property and business.

12. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

13. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Church Mutual would abide by the terms of their policy and pay for any covered losses that may occur.

14. On August 27, 2020, while the policy was in full force and effect, the insured premises sustained significant damages resulting from Hurricane Laura, a major category four hurricane, around 1:00 a.m. Hurricane Laura made a catastrophic landfall a mere 30 miles away from Lake Charles, which was battered with sustained winds of 150 mph.

15. Devastating winds, wind-driven rain, and a life-threatening storm surge lasted for several hours as the hurricane passed over Lake Charles.

16. Hurricane Laura resulted in extensive damage to Lake Charles, including shredding the power grid and thousands of structures.

17. As a result of Hurricane Laura, the Plaintiff's property suffered extensive damage. The property sustained significant damage to its structure.

18. Plaintiff provided timely and proper notice to Church Mutual of the loss on August 27, 2020.

19. In compliance with the policy, which states you must "use reasonable efforts to resume complete or partial operations." s*ee* Policy, at § G.5.a., Plaintiff began mitigating the loss as soon as possible.

20. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, institutional income, extra expense, and business personal property.

21. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3)

22. The Louisiana Insurance Commissioner's Emergency Rule 45 extended the initiation of loss adjustment timeline under La. Stat. Ann. §22:1892(A)(3) to sixty days (60) days from claimants notice.

23. Emergency Rule 45, however, duly noted that "Insurers must continue to provide timely service to their insured claimants by promptly acknowledging receipt of claims and making appropriate assignments for the adjustment of claims."

24. Emergency Rule 45 did not alter any other timeline under La. Stat. Ann. §22:1892 other than 14-day initiation of loss adjustment time delineated under La. Stat. Ann. §22:1892(A)(3) specifically.

25. On September 9, 2020, Engle Martin & Associates' Carlo Pedalino, a Church Mutual retained adjuster, was given full access to inspect the insured premises. During this inspection, the extensive damage to the building was visible and obvious, including evidence of structural movement.

26. Church Mutual initiated their loss adjustment on September 9, 2020 in compliance with Emergency Rule 45.

27. Church Mutual's duty to meet all other claims handling timelines after the initiation of their loss adjustment remained in effect.

28. Louisiana law provides claims handling timelines strictly construed under Louisiana law.

29. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

30. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1)

31. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

32. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

33. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

34. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

35. In compliance with their duties, Plaintiff has cooperated with Church Mutual and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

36. In addition to their initial adjuster, Stephenson Consulting Group, LLC inspected the property on or about November 5, 2020. Envista Forensics inspected the property on November 5, 2020. Then Cavalry Construction & Restoration and JS Held inspected the property on November 12, 2020. Church Mutual's Industrial Hygienist came out to Resurrection Life Church to take samples on or about November 18, 2020. Moreover, Church Mutual's own George Ben Hodges has been involved in the inspection and claim process.

37. Church Mutual and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

38. Despite being aware of the critical damage to the structure and undisputed existence of damage, Church Mutual did not provide any payment on the claim over 30 days from their initial inspection.

39. Thereafter, Plaintiff retained undersigned counsel to handle communications with Church Mutual in an attempt to come to claim conclusion. Undersigned counsel sent a letter of representation on February 9, 2021.

40. In addition to the documents provided during Church Mutual investigation, the Plaintiff carefully compiled all of the evidence of the damages through firsthand witnesses, records, and their retained consultants. A formal proof of loss package with all the evidence of the loss was provided to the defendants on March 3, 2021, with a physical copy of all the evidence sent to George Ben Hodges at Church Mutual. The package contained the factual background of the claim, claim correspondence, photographs, and expert reports.

41. The expert reports included the findings of a contractor, remediation company and industrial hygienist. Subsequently an electronics specialist rendered a report on the church's sound system in the sanctuary.

42. The March 3, 2021 proof of loss submission provided satisfactory proof of loss in so far as it contained all the plaintiff's investigation of the claim and sufficient information providing the

extent of the loss to allow the defendants to make a determination on the loss, particularly the building coverage.

43. Church Mutual denied this proof of loss submission and relied on their reports generated in November 2020 disputing the loss.

44. Despite Church Mutual failure to timely pay the evidenced loss, Plaintiff has continued to work with Church Mutual and their consultants to ensure compliance with their duties under the policy. This cooperation in no way waives Church Mutual duties under the law.

45.  Church Mutual were clearly aware of the increasing liability to Plaintiff and damage to the property the longer the claim was delayed. Nevertheless, the defendant continued to unreasonably sit on the undisputed payment, placing the Plaintiff's business at risk.

46. Under information or belief, Church Mutual question why the timelines of La. Stat. Ann. §22:1892 and §22:1973 should be taken seriously as: (1) the penalties for bypassing the statutory timeline are too remote and cannot be enforced unless suit is filed, a jury concludes the statutes have been violated  and an appeal is completed, and/or (2) Church Mutual believes the statutory requirement of the insured to provide a "satisfactory proof of loss" is too vague to begin the timeline of the statute. As a result, under information or belief, Church Mutual chose to bypass the statutory obligations and their duties under Louisiana law.

47. Defendant has unjustifiably failed and/or refused to perform their obligations under the policy and have wrongfully or unfairly limited payment on the Plaintiff's claim.

## CAUSES OF ACTION

48. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

## DECLARATORY JUDGMENT:
### TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973

49. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3)

50. The Louisiana Insurance Commissioner's Emergency Rule 45 extended the initiation of loss adjustment timeline under La. Stat. Ann. §22:1892(A)(3) to sixty days (60) days from claimants notice.

51. However, Emergency Rule 45 duly noted that "insurers must continue to provide timely service to their insured claimants by promptly acknowledging receipt of claims and making appropriate assignments for the adjustment of claims."

52. Emergency Rule 45 did not alter any other timeline under La. Stat. Ann. §22:1892 other than 14-day initiation of loss adjustment time delineated under La. Stat. Ann. §22:1892(A)(3) specifically.

53. Church Mutual received no further time extensions by either a government entity or the Plaintiff.

54. Church Mutual' s duty to meet all other claims handling timelines after the initiation of their loss adjustment remained in effect.

55. Louisiana law provides claims handling timelines strictly construed under Louisiana law.

56. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of los from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

57. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1)

58. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

59. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

60. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

61. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

62. Plaintiff is seeking a Declaratory Judgment confirming that Church Mutual has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

63. Plaintiff is seeking Declaratory Judgement confirming that Church Mutual thirty- and sixty-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run upon the inspection of the property on September 9, 2020 and/or receipt of the March 3, 2021 satisfactory proof of loss submission.

**BREACH OF CONTRACT**

64. Defendant breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiff.

65. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the hurricane occurred.

66. By virtue of the breach of contract, Church Mutual are liable to and owe Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

67. Church Mutual received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff, but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Church Mutual to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be

due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

68. In addition, Church Mutual owed Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within thirty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Church Mutual to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

## DAMAGES

69. As a result of the actions of the defendants, Plaintiff has suffered the following nonexclusive list of damages:

    a. Repair and remediation expenses;

    b. Diminution in value of property;

    c. Mental anguish;

    d. Attorney's fees;

    e. Costs of this litigation; and

    f. All other losses which will be proven through discovery or at the trial of this matter.

## JURY DEMAND

70. Plaintiff prays for damages as are reasonable in the premises, and affirmatively assert that the damages sought herein exceed the minimum limits for a trial by jury pursuant to Louisiana law.

71. Plaintiff requests a trial by jury on all issues so triable by a jury in this matter and reserve the right to supplement and amend this Petition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein, Resurrection Life Church, prays that this petition be filed into the record, that defendants, Church Mutual Insurance Company, be cited to appear and answer same, that a jury trial be had, and after due proceedings are had, there be judgment rendered in favor of Plaintiff, Resurrection Life Church, and against defendants, Church Mutual Insurance Company, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiff, Resurrection Life

Church, pray that there be a judgment rendered in favor of Plaintiff and against defendants, Church Mutual, declaring that in their transaction of insurance Church Mutual have an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the inspection of the property on September 9, 2020 and/or receipt of the March 3, 2021 satisfactory proof of loss submission.

Respectfully Submitted,

*/s/Lisa Causey-Streete*
Lisa Causey-Streete
SALIM-BEASLEY, LLC
1901 Texas Street
Natchitoches, LA 71457
Tel.: (318) 238-1826
Fax) (318) 354-1227
Email: lcausey@salim-beasley.com

Attorney for Plaintiff


Please serve this Petition for Damages and Declaratory Judgment:

Church Mutual

P.O. Box 357, 3000 Schuster Lane

Merrill, Wisconsin 54452-0357